# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

In Re: D.H. III

No. 14-0812 (Ohio County 13-CJA-38)

**FILED**

November 24, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, by counsel Joshua Cain, appeals the Circuit Court of Ohio County's May 28, 2014, order terminating her parental rights to D.H. III. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee A. Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem for the child, Joseph J. Moses, filed a response on behalf of the child supporting the circuit court's order. Petitioner filed a reply. On appeal, petitioner alleges that the circuit court denied her due process because of financial hardships and that she was prejudiced by a biased guardian ad litem.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2013, the DHHR filed an abuse and neglect petition against petitioner alleging domestic violence in the home, petitioner's abuse of drugs and alcohol, and her refusal to seek treatment for substance abuse. The following month, the circuit court held a preliminary hearing, which petitioner waived. In July of 2013, the circuit court held an adjudicatory hearing, during which petitioner stipulated to the allegations in the petition, and the circuit court found that she was an abusing parent.[1] Petitioner attended this hearing via telephone. Following this hearing, the circuit court granted petitioner a post-adjudicatory improvement period. In December of 2013, the circuit court granted a motion to withdraw filed by the guardian ad litem ("guardian") Allison Cowden. In her motion to withdraw, the guardian stated that "her professional relationship with the []DHHR has deteriorated to the point that she is not permitted to exercise independent professional judgment in her advocacy for the best interest of a child." The circuit court granted this motion and appointed Joseph J. Moses as guardian.

---

[1] The circuit court specifically found petitioner to be "an abusive and/or neglectful parent." However, the Court notes that West Virginia Code § 49-1-3(2) defines "abusing parent" as "a parent, guardian or other custodian, regardless of his or her age, whose conduct, as alleged in the petition charging child abuse or neglect, has been adjudged by the court to constitute child abuse or neglect."

1

In February of 2014, petitioner filed a motion for an extension of her improvement period, but the guardian and the DHHR objected due to petitioner's refusal to enter in-patient rehabilitation for substance abuse. The circuit court held a hearing on petitioner's motion in March of 2014, during which the guardian and the DHHR informed the circuit court that petitioner failed to remain in contact with service providers and provided the DHHR with an incorrect address, which raised concerns about her honesty. The guardian further noted that upon discharge from her attendance at a short-term substance abuse rehabilitation facility, petitioner was instructed to attend Alcoholics Anonymous ("AA") or Narcotics Anonymous ("NA") meetings seven days a week. The circuit court noted that petitioner had admittedly attended only three or four meetings, when she should have attended at least seventy by that time, and that she failed to provide sign-in sheets or other proof of those few meetings she did claim to have attended. Petitioner then indicated that she would attend in-patient rehabilitation, and the parties withdrew their objections to petitioner's motion to extend her improvement period. The circuit court granted the extension and required petitioner to provide proof of attendance at AA/NA meetings prior to the next hearing.

Later that month, the circuit court held a status hearing to monitor petitioner's compliance with the terms of her extended improvement period. Petitioner failed to appear at this hearing, though she was represented by counsel at the hearing. During the hearing, it was noted that petitioner again failed to provide copies of her AA/NA attendance records. The circuit court then set the matter for disposition. On April 29, 2014, the circuit court held a dispositional hearing, for which petitioner again failed to appear; her counsel, however, was present. The circuit court ultimately terminated petitioner's parental rights. It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no violation of petitioner's due process rights or prejudice to petitioner as a result of the allegedly biased guardian ad litem.

Petitioner argues that transportation to and from court is a necessary requirement of due process, which she was denied because of her financial hardship and inability to obtain transportation. The Court, however, finds no merit to this argument. The record is clear that the circuit court and the parties attempted to assist petitioner in her participation in the proceedings below, even allowing her to attend the adjudicatory hearing by telephone. Respondents further assert that the DHHR routinely provides transportation for parents in abuse and neglect proceedings, but that petitioner's own failure to communicate with the DHHR and her willful lack of participation in the proceedings resulted in her failure to attend multiple hearings. The record further shows that while petitioner was absent from certain hearings, her attorney attended these hearings and represented her interests. As such, the Court finds no violation of petitioner's due process rights in the proceedings below.

Next, petitioner alleges that the initial guardian's motion to withdraw evidenced a bias that prejudiced her below. According to petitioner, the guardian's motion establishes that the DHHR "held control over the neutral guardian," thereby causing the guardian to operate as her opponent instead of a neutral third party. However, petitioner has provided no evidence of an actual bias against her as a result of the guardian's stated problems working with the DHHR, and the record is devoid of any evidence in support of this argument. We have previously held that

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009). Simply put, petitioner has cited no evidence in regard to the guardian's withdrawal that establishes a substantial disregard or frustration of the applicable rules of procedure. As such, the Court declines to find that the resulting order should be vacated.

For the foregoing reasons, we find no error in the decision of the circuit court and its May 28, 2014, order is hereby affirmed.

Affirmed.

**ISSUED**: November 24, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II